# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AMERICAN AIRLINES, INC.; and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AIMEE DOE

10/20
12:03 PM

*FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

OCT 1 0 2017

Sherri R. Carter, Executive Officer/Clerk

By_____ Deputy
Jenny D. Truong

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles CA 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC677051** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Jonathan J. Delshad, PC  |  1663 Sawtelle Blvd. Suite 220 LA CA 90025  (424) 255 8376

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | OCT 1 0 2017 | SHERRI R. CARTER Clerk, by    Jenny Truong<br>*(Secretaria)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL: SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AMERICAN AIRLINES, INC

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/20/17

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

15:19:17 2017-09-27

15:06:11 2017-10-10

Opt-Out: Not Defined

6037 90017

Hon. Michael Johnson Dept. 56

JONATHAN J. DELSHAD, Bar No. 246176
LAW OFFICES OF JONATHAN J. DELSHAD, PC.
1663 Sawtelle Blvd., Suite 220
Los Angeles, CA 90025
Telephone:    424.255.8376
Fax:          424.256.7899
E-mail: jdelshad@delshadlegal.com

Attorney for Plaintiff
AIMEE DOE

**FILED**
Superior Court of California
County of Los Angeles

SEP 27 2017

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
   Ricardo Perez

SEP 27 2017

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**
(Unlimited Jurisdiction)

AIMEE DOE,

        Plaintiff,

v.

AMERICAN AIRLINES, INC.; and
DOES 1 through 10, inclusive,

        Defendants.

Case No. **BC677051**

**COMPLAINT**

1. **DISABILITY DISCRIMINATION –
   WRONGFUL TERMINATION OF
   EMPLOYMENT** (Gov. Code § 12940(a));
2. **DISABILITY DISCRIMINATION –
   FAILURE TO ENGAGE IN INTERACTIVE
   PROCESS** (Gov. Code § 12940(n));
3. **DISABILITY DISCRIMINATION –
   DISPARATE TREATMENT** (Gov. Code §
   12940(a));
4. **DISABILITY DISCRIMINATION –
   FAILURE TO PROVIDE REASONABLE
   ACCOMMODATION** (Gov. Code §
   12940(m));
5. **FAILURE TO PROVIDE EMPLOYMENT
   FILES UPON REQUEST.**

**JURY TRIAL DEMANDED**

**PARTIES**

    1.    Plaintiff AIMEE DOE ("Plaintiff" or "Ms. Doe") is an individual who resides in

the State of California.

- 1 -
COMPLAINT

15:19:17 2017-09-27

Opt-Out: Not Defined

2.      Defendant AMERICAN AIRLINES, INC ("Defendant" or "American Airlines") is a Delaware corporation that conducts business in the State of California, within the county of Los Angeles.

3.      Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has at all times relevant to this action been the officer, agent, employee and/or representative of the remaining Defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the Defendants.

4.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names under California Code of Civil Procedure § 474.  Plaintiff will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is legally responsible in some manner for the occurrences herein alleged and that the injuries of Plaintiff as herein alleged have been proximately caused by the aforementioned defendants, and each of them.

5.      Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein has at all times relevant to this action been the officer, agent, employee and/or representative of the remaining defendants and has acted within the course and scope of such agency and employment, and with the permission and consent of the defendants.

6.      Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is responsible, jointly and severally, for the events and injuries described herein and caused damages thereby to Plaintiff as alleged herein.

7.      On information and belief, it further is alleged that the Defendants were at all times relevant hereto, the alter egos of each other such that to affirm the legal separateness of the Defendants for purposes of the claims presented in this action would lead to an injustice

Law Offices of Jonathan J. Oakland, QC
11663 Sawtelle Blvd. Suite 220
Los Angeles, CA 90025

- 2 -
COMPLAINT

and/or inequitable result. There is a unity of interest and ownership between the company and its equitable owner(s) that the separate personalities of the company and its shareholders do not in reality exist. Defendants exhibit an interrelation of operations, commingling of funds, lack of observation of corporate formalities, undercapitalization, centralized control, common management, and common financial control such that they are an integrated enterprise and/or are alter egos. The company is a mere shell, instrumentality, and conduit through which the individual Defendant(s) carried on their business, exercising complete control and dominance of such business to the extent that any individuality or separateness of the Defendants does not and did not exist.

8.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants was acting as the partner, agent, servant, and employee of each of the remaining defendants, and in doing the things alleged herein was acting within the course and scope of such agency and with the knowledge of the remaining Defendants.

**VENUE**

9.      Venue as to each Defendant is proper in this judicial district, pursuant to California Government Code § 12965.  Actions and/or omissions leading to liability in this case occurred in the County of Los Angeles.

**FACTUAL ALLEGATIONS**

10.      On or around October 7, 1992, Plaintiff was hired by Defendant American Airlines as a flight attendant.

11.      Plaintiff has also been suffering for various series of health issues for many years, including battling cancer, but also systemic health problems related to her digestive system such as Gasteroesophageal Reflux Disease (GERD) since a young age.

Law Offices of Jonathan J. Delshad, PC
11651 Sunset Blvd. Suite 230
Los Angeles, CA 90025

12.     On September 23, 2014, while Plaintiff was off duty at the airport, Plaintiff was subjected to alcohol/drug testing by her employer. Plaintiff admitted to the tester that she had drinks with friends earlier during non-working hours and she was not going back on duty at the time of testing. But, because she tested positive above 0.04 BAC while off duty, Plaintiff was given a warning and suspended without any investigation by her employer.

13.     Defendant required Plaintiff to attend months of mandatory rehab and 90 Alcoholics Anonymous (AA) meetings, costing Plaintiff significant time and money out of her pocket.  Plaintiff attended rehab for recovering addicts and attended 90 AA meetings despite never being an alcoholic or having any addiction issues.

14.     Although Plaintiff completed the mandatory rehab and other mandatory follow-up requirements, the warning on her employment file was not erased by Defendant American Airlines.

15.     On or around July 30, 2015, due to her health condition, Plaintiff started vomiting while on duty, servicing a flight. Her sickness was so serious that she was hospitalized upon her return to the flight's destination. The incident was the start of cyclic vomiting episodes due to Plaintiff's digestive issues.

16.     For the following year, Plaintiff started having periodic vomiting episodes. These vomiting episodes were witnessed by other flight attendants and employees of American Airlines.

17.     Starting in November of 2016, American Airlines began aggressively tapping/requiring Plaintiff for follow-up alcohol and drug tests. Accordingly, Plaintiff was subjected to disproportionate amount of drug and alcohol tests compared to her colleagues. Plaintiff inquired from an American Airline's manager whether the disproportionate high

Law Offices of Jonathan J. DeSilva, PC
11661 San Vicente Blvd. Suite 220
Los Angeles, CA 90025

- 4 -
COMPLAINT

number of drug/alcohol tests was due to her health and vomiting episodes. Plaintiff did not receive a response.

18.     On or around November 8, 2016, Plaintiff was diagnosed with a rare condition known as Cyclic Vomiting Syndrome (CVS), and was proscribed treatments. Plaintiff followed the proscribed treatments, including nonprescription medication that contained alcohol.

19.     On January 27, 2017, Plaintiff had felt ill and had another vomiting episode at the airport restroom before the start of her shift. Plaintiff had not drunk any alcohol at any time that day.

20.     Upon leaving the restroom, a supervisor tapped/demanded her to take an alcohol test via breathalyzer. Refusing to take a test is considered by American Airlines as an automatic positive result with a warning. Plaintiff agreed to be tested. She tested positive above the limit for alcohol on the breathalyzer and was suspended pending an investigation.

21.     One or around January 30, 2017, Plaintiff spoke with her direct supervisor and explained her sickness, the medication she took, the vomiting episodes and requested an accommodation.

22.     Instead, on February 1, 2017, Defendants terminated Plaintiff without any investigation of her medical condition, or even allowing Plaintiff to provide any likely reasons other than drinking alcohol for the positive test results. Defendant's reason for termination, as Defendant provided, was because of Plaintiff's two positive alcohol test results within a given time period.

23.     For months after, Plaintiff appealed her termination to be reinstated to no avail and even submitted doctor's notes explaining her condition to her employer.

Law Offices of Jonathan J. Delshad, PC
11663 Sanvile Blvd. Suite 220
Los Angeles, CA 90125

- 5 -

24.    Throughout her 24 year career with American Airlines, Plaintiff excelled as a flight attendant and received numerous praises, recognitions and awards by American Airlines and its passengers.

25.    Plaintiff has met all of the jurisdictional requirements for proceeding with her claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, Section 12960, *et seq.*, by timely duel filing administrative complaints with the Equal Employment Opportunity Commission ("EEOC") and the Department of Fair Employment and Housing ("DFEH"), and obtaining a Right to Sue letter ("Right To Sue letter") against Defendant. A true and correct copy of said letter is attached hereto, collectively marked as "Exhibit 1" and incorporated herein by reference.

### FIRST CAUSE OF ACTION
**Disability Discrimination – Wrongful Termination of Employment**
**(California Government Code § 12940(a))**

26.    Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in all Paragraphs above as though set forth in full herein.

27.    At all times relevant to this Complaint, FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

28.    Pursuant to Government Code § 129400-12996, it is unlawful for an employer to fire or discharge an employee based on a disability and/or request for accommodations.

29.    Pursuant to Government Code § 12926 and 12926.1 Plaintiff has a disability if he or she has an actual disability, a record of a disability, and/or was perceived as or treated as having a disability by the Defendant.

30.    Plaintiff was able to perform the essential functions of her job as a flight attendant with a reasonable accommodation for her disability. Plaintiff spoke with her supervisor about her need for accommodations just days prior to her termination.

- 6 -
COMPLAINT

Law Offices of Jonathan J. DeBaird, PC
11665 Seaside Blvd. Suite 230
Los Angeles, CA 90025

31.     Plaintiff's disability was the motivating factor for her differential treatment, subjugating her to an excessive number of drug/alcohol tests, and subsequent termination, since Plaintiff was terminated immediately after informing Defendant of her disability and the need to have an accommodation for digestive conditions that caused the incorrect positive test result.

32.     As a direct and proximate result of the acts of Defendant, as alleged above, Plaintiff has incurred compensatory damages, including lost earnings and other economic damages, and has necessarily expended sums in the treatment of physical and mental injuries, in an amount to be ascertained at the time of trial.

33.     As a direct and proximate result of the acts of Defendant, as alleged above, Plaintiff will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Plaintiff as a result of said Defendant's acts in an amount to be ascertained at the time of trial.

34.     As a direct and proximate result of the acts of Defendant, as alleged above, Plaintiff has suffered humiliation, mental and physical distress, and anxiety, and has been generally damaged in an amount to be ascertained at the time of trial.

35.     As a direct and proximate result of the acts of Defendant, as alleged above, Plaintiff has necessarily incurred and will continue to incur attorney's fees and costs in an amount to be proven at the time of trial. Pursuant to the provisions of California Government Code § 12965 (b), Plaintiff is entitled to the reasonable value of such attorney's fees and costs.

36.     The above-described acts of Defendant were willful, intentional and malicious and done with the intent to vex, injure and annoy Plaintiff and warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendant and to deter others from engaging in similar conduct.

Law Offices of Jonathan J. DelSol, PC
11663 Santenk Blvd., Suite 230
Los Angeles, CA 90025

**SECOND CAUSE OF ACTION**
**Disability Discrimination – Failure to Engage in the Interactive Process**
**(California Government Code § 12940(n))**

37.     Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in all Paragraphs above as though set forth in full herein.

38.     At all times relevant to this Complaint, FEHA and its implementing regulations were in full force and effect and binding on the Defendant.

39.     Pursuant to Government Code § 12940(n) it is unlawful for an employer to fail to engage in a timely, good faith, interactive process with an employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

40.     Pursuant to Government Code § 12926 and 12926.1, Plaintiff has a disability if he or she has an actual disability, a record of a disability, and/or was perceived as or treated as having a disability by the Defendant.

41.     As set forth above, Plaintiff's Cyclic Vomiting Syndrome constituted a FEHA qualifying physical condition, of which Defendant became actually aware.

42.     Thereafter, Defendant chose not to initiate in the interactive process with Plaintiff. Defendant never inquired or asked Plaintiff what steps or accommodations could be taken or made available in order to implement effective reasonable accommodation to carry out her duties, or if that was a possibility. Instead, Defendant overtly and excessively drug/alcohol tested Plaintiff and terminated her as a result of a false positive breathalyzer test caused by her condition.

Law Offices of Jonathan J. Delshad, PC
11415 Sherman Blvd. Suite 220
Los Angeles, CA 90025

- 8 -

43.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

44.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for the Defendant and/or ratified by managing agents.

### THIRD CAUSE OF ACTION
### Disability Discrimination – Disparate Treatment
### (California Government Code § 12940(a))

45.     Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in all Paragraphs above as though set forth in full herein.

46.     At all times relevant to this Complaint, FEHA and its implementing regulations were in full force and effect and binding on Defendant.

47.     Pursuant to Government Code § 12926 and 12926.1, Plaintiff has a disability if he or she has an actual disability, a record of a disability, and/or was perceived as or treated as having a disability by Defendant.

48.     Plaintiff was able to perform the essential functions of her job as she performed her assigned duties for over a year since vomiting episodes started, and over 2 months after her diagnosis/treatment of CVS.

49.     Plaintiff's disability or perceived disability was the motivating factor for the differential treatment of more than average drug and alcohol testing, her termination and American Airline's denial to reinstate her during her appeals process.

- 9 -
COMPLAINT

50.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

51.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for Defendant and/or ratified by managing agents.

## FOURTH CAUSE OF ACTION
### Disability Discrimination – Failure to Provide Reasonable Accommodation
### (California Government Code § 12940(m))

52.     Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in all Paragraphs above as though set forth in full herein.

53.     At all times relevant to this Complaint, the Fair Employment and Housing Act ("FEHA") and its implementing regulations were in full force and effect and binding on the Defendant.

54.     Pursuant to Government Code § 12940(m) it is unlawful for an employer to fail to provide a reasonable accommodation to an employee with a disability. FEHA defines a disability to include any physical disability, mental disability or medical condition that limits a major life activity.

55.     Pursuant to Government Code § 12926 and § 12926.1 Plaintiff has a disability if he or she has an actual disability, a record of a disability, and/or was perceived as, or treated as having a disability by the Defendant.

56.     As set forth above, Plaintiff suffered from CVS, a digestive condition that causes aggressive episodes of vomiting and GERD.

- 10 -
COMPLAINT

Law Offices of Jonathan J. Delshad, PC
11845 Sowelda Blvd, Suite 220
Los Angeles CA 90025

57.     Defendant had her first episodes of vomiting in July 2015. Defendant was aware of Plaintiff's disability as numerous colleagues a witnessed numerous vomiting episodes of Plaintiff on duty and because Plaintiff had discussed her condition with her managers.

58.     Defendant failed to provide Plaintiff with a reasonable accommodation of allowing Plaintiff to work with her disability that could have been accommodated.

59.     As a direct and proximate result of Defendant's wrongful conduct, Plaintiff has suffered damages including, but not limited to, a loss of income and benefits, and has further suffered emotional distress and other general damages.

60.     In doing the things alleged herein, Defendant's conduct was despicable, and Defendant acted toward Plaintiff with malice, oppression, fraud, and with willful and conscious disregard of Plaintiff's rights, entitling Plaintiff to an award of punitive damages. The Defendant's conduct described herein was engaged in by managing agents for Defendant and/or ratified by managing agents.

## FIFTH CAUSE OF ACTION
### Failure To Provide Employment Files Upon Request

61.     Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in all Paragraphs above as though set forth in full herein.

62.     California law provides that current and former employees have the right to inspect and receive a copy of the personnel files and records that relate to the employee's performance or to any grievance concerning the employee. Cal. Lab. Code § 1198.5. Such inspections must be permitted not later than 30 days after a request is made. If an employer fails to permit a current employee, former employee, or representative to inspect or copy personnel records within the times specified, or times agreed to by mutual agreement, the

Law Offices of Jonathan J. DeL-Saul, PC
11163 Santa Monica Blvd. Suite 230
Los Angeles, CA 90025

current employee, former employee, or the Labor Commissioner may recover a penalty of $750.00 from the employer. Id.

63.     Similarly, employers must permit current and former employees to inspect and/or copy payroll records pertaining to the current or former employee. Cal. Lab. Code § 226(b).

64.     An employer who receives a written or oral request from a current or former employee to inspect or copy his or her payroll records shall comply with the request as soon as practicable, but no later than 21 calendar days from the date of the request. Failure by an employer to permit a current or former employee to inspect or copy his or her payroll records within the 21 calendar day period entitles the current or former employee to recover a penalty. See Cal. Lab. Code § 226(c) & (f) ($750 penalty).

65.     On July 27, 2017, Plaintiff sent a request for her personnel and payroll records. Thus, Defendant had 30 days to comply with his personnel records request and 21-days to comply with his payroll records request.

66.     Defendant did not send such employment file to Plaintiff within the 30 days required by law. Defendant's failure to comply with the mandated statutory deadlines entitles Plaintiff to an additional $1,500.00, plus attorney's fees.

WHEREFORE, Plaintiff prays for relief as set forth below.

//

//

COMPLAINT

Law Offices of Jonathan S. Delshad, PC
11661 Seventh Blvd. Suite 220
Los Angeles, CA 90025

## PRAYER FOR JUDGMENT

Plaintiff prays for judgment as follows:

1. For special, general, and compensatory damages according to proof at trial;

2. For punitive damages according to proof at trial;

3. For reasonable attorneys' fees, expert witness fees, and other litigation expenses pursuant to California Government Code § 12965(b);

4. For penalties pursuant to California Labor Code §226(c) & (f) and Labor Code § 1198.5;

5. For all other relief the Court deems appropriate and just.

6. Total damages of $6,000,000.00 and possibly more, according to proof.

Dated: September 25, 2017

By: _____

Jonathan J. Delshad
Attorney for Plaintiff

Law Offices of Jonathan J. Delshad, PC
11663 Seventie Blvd., Suite 220
Los Angeles, CA 90025

# EXHIBIT 1

Law Offices of Jonathan S. Delshad, PC
11663 Sunnette Blvd., Suite 220
Los Angeles, CA 90025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                   GOVERNOR EDMUND G. BROWN JR.
**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                           DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 25, 2017

RE: Notice of Filing of Discrimination Complaint
DFEH Matter Number: 734846-315140
Right to Sue: Doe / American Airlines, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of
Aimee Doe, Complainant.
300 Calle Mirarmar, Apt A
Redondo Beach,  California  90277

DFEH No. 734846-315140

vs.

American Airlines, Inc., Respondent.
4333 Amon Carter Boulevard
FORT WORTH,  Texas 76155

Complainant alleges:

1. Respondent American Airlines, Inc. is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **February 01, 2017**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Harassment, Retaliation Demoted, Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied continuation of employer-paid health care coverage while on pregnancy disability leave, Denied employment, Denied equal pay, Denied family care or medical leave, Denied or forced to transfer, Denied promotion, Denied reasonable accommodation, Denied reinstatement, Forced to quit, Laid-off, Terminated, Tested for genetic characteristics, .**  Complainant believes respondent committed these actions because of their: **Age - 40 and over, Association with a member of a protected class, Color, Disability, Engagement in Protected Activity, Family Care or Medical Leave, Genetic Information [information about genetic tests or participation in clinical research or manifestation of disease], Marital Status, Medical Condition - Including cancer or cancer related medical condition or genetic characteristics, National Origin - Including language use restrictions, Race, Religion, Sex - Gender, Sexual Orientation, Other .**

-5-
Complaint ±DFEH No. 734846-315140

DFEH 802-1

3. Complainant **Aimee Doe** resides in the City of **Redondo Beach**, State of **California**. If complaint includes co-respondents please see below.

*Complaint ± DFEH No. 734846-315140*

Date Filed: September 25, 2017

DFEH 003-1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

Plaintiff was employed by AMERICAN AIRLINES, INC. as a Flight Attendant. After working for 24 years, among other things, Plaintiff was discriminated against, retaliated against, defamed, denied interactive process, denied a reasonable accommodation, and wrongfully terminated due to her disability.

*Complaint ± DFEH No. 734846-315140*

Date Filed: September 25, 2017

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jonathan J. Delshad SBN 246176<br>1663 Sawtelle Blvd. Suite 220<br>Los Angeles CA 90025<br>TELEPHONE NO: 424 255 8376    FAX NO. 424.256.7899<br>ATTORNEY FOR (Name): Aimee Doe | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>SEP 27 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By _____ Deputy<br>Ricardo Perez |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS  111 N. Hill St.
MAILING ADDRESS  111 N. Hill St.
CITY AND ZIP CODE:  Los Angeles CA 90012
BRANCH NAME:  Stanley Mosk Courthouse

CASE NAME:
Doe v. American Airlines, Inc.; and DOES 1 through 10, inclusive.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **BC677051**<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify):
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/25/17
Jonathan J. Delshad
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

15:19:17 2017-09-27

Opt-Out: Not Defined

| SHORT TITLE: Doe v. American Airlines, Inc. et al. | CASE NUMBER: BC677051 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 8-10 ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Auto Tort** | | |
| Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | ☐ A7240 Other Professional Health Care Malpractice | 1., 4. |
| Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

15:19:17 2017-09-27

Opt-Out: Not Defined

| SHORT TITLE: Doe v. American Airlines, Inc. et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☑ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1. ②3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Doe v. American Airlines, Inc. et al. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151  Writ - Administrative Mandamus<br>☐  A6152  Writ - Mandamus on Limited Court Case Matter<br>☐  A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐  A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐  A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐  A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐  A6141  Sister State Judgment<br>☐  A6160  Abstract of Judgment<br>☐  A6107  Confession of Judgment (non-domestic relations)<br>☐  A6140  Administrative Agency Award (not unpaid taxes)<br>☐  A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐  A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐  A6030  Declaratory Relief Only<br>☐  A6040  Injunctive Relief Only (not domestic/harassment)<br>☐  A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐  A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐  A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐  A6121  Civil Harassment<br>☐  A6123  Workplace Harassment<br>☐  A6124  Elder/Dependent Adult Abuse Case<br>☐  A6190  Election Contest<br>☐  A6110  Petition for Change of Name<br>☐  A6170  Petition for Relief from Late Claim Law<br>☐  A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Doe v. American Airlines, Inc. et al. | CASE NUMBER |
|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☑2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>818 WEST SEVENTH ST STE 930 |
|---|---|
| CITY:<br>LOS ANGELES | STATE:<br>CA | ZIP CODE.<br>90017 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __9/25/17__

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**
Case Number **BC677051**

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Michelle Williams Court | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases | | | |
| | Hon. Randolph Hammock | 47 | 507 | | Assignment is Pending Complex Determination | 308 | CCW | |

**\*Complex**

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _SEP 27 2017_   SHERRI R. CARTER, Executive Officer/Clerk
                                                                 By _RICARDO PEREZ_, Deputy Clerk

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

| TELEPHONE NO.:                    FAX NO. (Optional): | |
|---|---|
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

| COURTHOUSE ADDRESS: |
|---|

| PLAINTIFF: |
|---|

| DEFENDANT: |
|---|

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|

iii. Be filed within two (2) court days of receipt of the Request; and

iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR DEFENDANT)

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

➤ _____
(ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| COURTHOUSE ADDRESS: | |
| PLAINTIFF: | |
| DEFENDANT: | |

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (In-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    <span>(INSERT DATE)</span>                                     <span>(INSERT DATE)</span>
    complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:

_____      ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____      ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:

_____      ➤ _____
      (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐    **Request for Informal Discovery Conference**
   ☐    **Answer to Request for Informal Discovery Conference**

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:     FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

> _____
> (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR PLAINTIFF)

Date: _____

> _____
> (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
> (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
> (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR DEFENDANT)

Date: _____

> _____
> (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____ )

Date: _____

> _____
> (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____ )

Date: _____

> _____
> (TYPE OR PRINT NAME)

> _____
> (ATTORNEY FOR _____ )

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

## Additional Information

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221